J-S40019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TD BANK, N.A. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MAXIMUM MECHANICAL, INC. AND JOHN J. MORRISON | : | |
| | : | No. 861 EDA 2023 |
| Appellants | : | |

Appeal from the Order Entered March 7, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 221101621

BEFORE:   NICHOLS, J., SULLIVAN, J., and COLINS, J.*

MEMORANDUM BY SULLIVAN, J.:                     **FILED MAY 7, 2024**

Maximum Mechanical, Inc. and John J. Morrison (collectively "Maximum Mechanical") appeal from the order denying its "Petition for Relief from Judgment by Confession" entered against it and in favor of TD Bank, N.A. ("Appellee").  After careful review, we affirm.

The trial court summarized the case history as follows:

> [t]his dispute originally stems from a loan repayment issue involving [Maximum Mechanical] and [Appellee]. . . . [Maximum Mechanical] executed a demand note with Appellee, promising to repay the principal amount of $100,000 plus interest.
>
> The promissory note reads, "[b]orrower will pay the loan in full immediately upon Lender's demand."  The agreement defines default as when the borrower fails to make a payment when due.  The promissory note has a warrant-of-attorney clause which, in the event of a default, authorizes entry of judgment by confession for the full amount against the borrower plus a ten percent

_____

* Retired Senior Judge assigned to the Superior Court.

attorney fee. The guarantor signed a commercial guaranty agreement which also contains a confession of judgment clause against the guarantor once the amount becomes due.

Trial Court Opinion, 6/21/23, at 1-2 (footnotes and unnecessary capitalization omitted).

In November 2022, Appellee entered a confession of judgment against Maximum Mechanical for $295,489.85. Approximately one month later, Maximum Mechanical filed a "Petition for Relief from Judgment by Confession." Petition for Relief from Judgment by Confession, 12/16/22 (unnumbered). In the petition, Maximum Mechanical alleged there is a prior pending action between the parties regarding the promissory note. *See id*. at 1-2. Maximum Mechanical further incorporated by reference preliminary objections filed in that case, which they attached to the petition. *See id*. at 1-2. In March 2023, the trial court denied Maximum Mechanical's petition. *See* Order, 3/7/23, at 1 (unnumbered). The instant, timely appeal followed.[1]

Maximum Mechanical raises a single issue for review:

> Whether the trial court erred in denying [Maximum Mechanical's] petition to open judgment of confession where Appellee failed to establish that a requisite default occurred[?]

Maximum Mechanical's Brief at 4 (unnecessary capitalization omitted).[2]

---

[1] Maximum Mechanical and the trial court complied with Pa.R.A.P. 1925.

[2] We agree with Appellee that Maximum Mechanical did not file a petition to strike or open a confessed judgment pursuant to Pa.R.Civ.P. 2959. *See* Appellee's Brief at 4; Petition for Relief from Judgment by Confession,
*(Footnote Continued Next Page)*

This Court has stated:

> [I]t is well-settled that a petition to . . . open a confessed judgment appeals to the equitable and discretionary powers of the trial court, and absent an abuse of discretion or manifest error, we will not disturb its decision.  We have explained:
>
>> . . . A judgment by confession will be opened if the petitioner acts promptly, alleges a meritorious defense, and presents sufficient evidence in support of the defense to require the submission of the issues to a jury. . . .  A meritorious defense is one upon which relief could be afforded if proven at trial.
>>
>> * * * * *
>>
>> . . . [I]f the truth of the factual averments contained in the complaint in confession of judgment and attached exhibits is disputed, then the remedy is by proceeding to open the judgment, not to strike it. A petition to strike a confessed judgment and a petition to open a confessed judgment are distinct remedies; they are not interchangeable.

***9795 Perry Highway Management, LLC v. Bernard***, 273 A.3d 1098, 1102 (Pa. Super. 2022) (internal quotation marks, brackets, and citations omitted).

Maximum Mechanical, presumably in support of a contention that it has a meritorious defense, argues Appellee failed to establish a default on the promissory note occurred.  ***See*** Maximum Mechanical's Brief, at 7-8. However, Maximum Mechanical waived this claim.

---

12/16/22, at 1-2 (unnumbered).  However, the trial court deemed Maximum Mechanical's filing a petition to open, ***see*** Trial Court Opinion, 6/21/23, at 3-5, and we will not disturb this finding as our review of the petition comports with the trial court's conclusion Maximum Mechanical was seeking to open the judgment.

This Court has long held where an appellant's failure to comply with the briefing requirements of the Rules of Appellate Procedure unduly hampers our ability to conduct meaningful review, we may decline to conduct a review and instead dismiss the appeal. **See** Pa.R.A.P. 2101 ("[I]f the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter may be . . . dismissed"); **see also PHH Mortg. Corp. v. Powell**, 100 A.3d 611, 615 (Pa. Super. 2014) (noting this Court may quash or dismiss an appeal if there are substantial defects in the appellate brief).

Here, Maximum Mechanical's five-paragraph argument does not cite legal authority and consists of conclusory, bald statements that the trial court's decision was incorrect. **See** Maximum Mechanical's Brief, at 7-8. Maximum Mechanical does not cite to, or discuss, our scope or standard of review, does not mention the requirements it must meet to open a judgment, or explain how its "Petition for Relief from Judgment by Confession" met those requirements. **See id**. While Maximum Mechanical generally cites to the reproduced record, it does not include any direct quotations from the documents at issue and its generic citations do not specify which paragraphs of the lengthy documents in question it is seeking to bring to our attention. **See id**.

We have explained:

The Rules of Appellate Procedure state unequivocally that **each question an appellant raise is to be supported by discussion and analysis of _pertinent authority_**. Appellate arguments which fail to adhere to these rules may be considered waived, and

arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party **has failed to cite any authority in support of a contention**. This Court will not act as counsel and will not develop arguments on behalf of an appellant.

**Coulter v. Ramsden**, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) (citations and quotation marks omitted; italics and underline emphases added). Moreover, it is not this court's responsibility to comb through the record seeking the factual underpinnings of Maximum Mechanical's claim. **See Commonwealth v. Mulholland**, 702 A.2d 1027, 1034 n.5 (Pa. Super. 1997) ("In a record containing thousands of pages, this court will not search every page to substantiate a party's incomplete argument").

Due to the paucity of argument, we conclude Maximum Mechanical has failed to develop its issue in a meaningful fashion capable of this Court's review. **See Coulter**, 94 A.3d at 1088-89; **see also** Pa.R.A.P. 2119(a) (requiring development of an argument with citation to and analysis of relevant legal authority presented in this Court). Accordingly, Maximum Mechanical waived its only issue on appeal.

In any event, absent waiver, Maximum Mechanical has not demonstrated they have a meritorious defense such as to allow the judgment to be opened. **See Perry Highway**, 273 A.3d at 1102; Maximum Mechanical's Brief at 7-8. Here, the trial court found as a matter of law the note in question was a demand note. Trial Court Opinion, 6/21/23, at 4-5. The court stated:

[Maximum Mechanical] has not asserted a meritorious defense sufficient for the Court to open the confessed judgment and therefore [its claim] must be rejected. The proof of a meritorious defense must be clear, direct, precise, and believable. [Maximum Mechanical] appears to avoid discussing the payment on demand, payment default, and entry of judgment provisions that disfavor it. Moreover, [Maximum Mechanical] has failed to produce any evidence that would require issues to be submitted to the jury. *See* Pa. R. Civ. P. 2959(e).

First, [Maximum Mechanical's] argument that the confession of judgment was in error due to the lack of a definite repayment date in the agreement fails because [Maximum Mechanical's] interpretation is inconsistent with the Pennsylvania Commercial Code. Under 13 Pa. C.S.A. § 3108(a), "A promise or order is 'payable on demand' if it: (1) states that it is payable on demand or at sight or otherwise indicates that it is payable at the will of the holder; *or* (2) does not state any time of payment." The clause "[b]orrower will pay the loan in full immediately upon Lender's demand" and the lack of a fixed payment date makes it clear this agreement is a demand note. [Maximum Mechanical's] argument that [Appellee] erred in not supplying a fixed payment date fails in the face of the Pennsylvania Commercial Code's plain definition of a demand note. Indeed, even if the agreement did include a fixed date, [Maximum Mechanical] would still have been obligated to pay on demand. The Commercial Code states that if an instrument is payable both upon demand and at a fixed date, the instrument is payable upon demand until the fixed date when payment is payable at a definite time. [*See*] 13 Pa. C.S.A. §3108(c). Therefore, even if a date and time were included in the loan agreement as [Maximum Mechanical] argues, it would still be payable on demand.

Second, [Maximum Mechanical] argues that no breach of the agreement occurred. [Maximum Mechanical] maintains that, per the agreement, the loan continues until repaid in full. [Maximum Mechanical] reasons that, since it has not fully repaid yet, no breach could have occurred. This, again, does not change the very nature of a demand note. The agreement specifically states that default occurs when "[b]orrower fails to make any payment when due under this note." [Maximum Mechanical] was obligated to pay upon [Appellee's] demand and its refusal to do so constituted default.

***Id***. at 4-5 (footnotes and some quotation marks omitted).

Our review of the relevant law and the record demonstrates the trial court neither abused its discretion nor committed a manifest error of law in denying Maximum Mechanical's petition to open. ***See Perry Highway***, 273 A.3d at 1102. Thus, even were its claim not waived, Maximum Mechanical is not entitled to relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/7/2024